IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BYRON W. MARTZ     *
    *
v.     *     Civil No. CCB-15-3284
    *
DAY DEVELOPMENT CO., *et al*.     *
    ******

MEMORANDUM

This is an action brought by Byron W. Martz against Day Development Company, L.C. and Southlawn Lane Properties, L.L.C.[1] Discovery on the merits has been completed. Defendants have filed a motion for summary judgment and plaintiffs have filed a motion for partial summary judgment.[2] For the reasons set forth below, defendants' motion will be denied and plaintiff's motion will be granted as to Counts I and II.[3]

The case involves construction of two contracts between the parties. Maryland law holds "where a contract is plain and unambiguous, there is no room for construction, and it must be presumed that the parties meant what they expressed." *Kasten Constr. Co., Inc. v. Rod Enters., Inc.*, 301 A.2d 12, 18 (Md. 1973). A contract is ambiguous only if it is "subject to more than one interpretation when read by a reasonably prudent person." *John L. Mattingly Const. Co., Inc. v. Harford Underwriters Ins. Co.*, 999 A.2d 1066, 1074 (Md. 2010). The parties are agreed that it is in the province of the court to determine the meaning of the contracts between them. Further, a contract "need not be evidenced by a single instrument." *Rocks v. Brosius*, 217 A.2d 531, 637

---

[1] Defendants, which are residents of Maryland, removed this action in violation of 28 U.S.C. §1441(a)(2). However, plaintiff did not file a motion to remand. I will join the vast majority of circuits, and two district courts within the Fourth Circuit, that have held that the issue is procedural, not jurisdictional. *See, e.g.*, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th Cir. 2006); *Medish v. Johns Hopkins Health Sys. Corp.*, 272 F.Supp.3d 719, 724 (D. Md. 2017); *Councell v. Homer Laughlin China Co.*, 823 F. Supp. 2d 370, 378-79 (N.D. W.Va. 2011).

[2] Also pending is defendants' motion to strike plaintiff's expert revised appraisal report and Rule 26(e)(2) disclosure. That motion will be denied. No trial has been scheduled, and any discovery that is required by plaintiff's late-filed expert revised appraisal report and Rule 26(e)(2) disclosure can be expeditiously accomplished.

[3] Counts I and II allege breach of contract and Count III seeks declaratory judgment on various issues. The motion for judgment on Count III will be denied without prejudice at this time.

1

(Md. 1966). "This is true even though the instruments were executed at different times and did not in terms refer to each other." *Id.*; *See generally Sy-Lene of Washington, Inc. v. Starward Urban Retail II, LLC*, 829 A.2d 540 (Md. 2003).

The question presented is whether plaintiff is entitled to compensation under the contracts between the parties. The Consulting Services Agreement[4] provides that "[i]n the event [the plaintiff] obtains the Approvals for the Proposed Use as referenced in this Agreement, compensation due from DDC to Martz as described herein shall be due and payable by DDC to Martz upon the earlier to occur of the following: (i) [a] sale of the Domiciliary Care Parcel, or a portion thereof; (ii) [o]btaining by DDC or other builder, in the event of an assignment, a building permit for the construction of any units on the Domiciliary Care Parcel . . . (iii) January 1, 2015. (ECF No. 44, Ex. 1 ¶ 4(c)). The defendants read this provision as establishing that sale or building are conditions precedent for DDC to compensate plaintiff. Under the plain language of these provisions, however, the only condition precedent is that Martz obtain the approval for the Proposed Use, and he unquestionably did so.

In addition to the plain language, defendants' construction of the January 1, 2015, date as a deadline excusing its obligation to compensate the plaintiff provides no guarantee of benefit to Martz.[5] No reasonably prudent person would have entered into such an agreement.[6]

---

[4] The Amendment to the Consulting Services Agreement describing the parties' obligations as to the Commercial Parcel mirrors the Consulting Services Agreement, except that it does not require the plaintiff to receive approval for a proposed use. (ECF No. 44, Ex. 2 at ¶ 6(c)). Thus, the analysis in this section applies with equal force to the parties' obligations as to the Commercial Parcel.

[5] In his deposition testimony, Francis O. Day III asserted that the deal was terminated on January 1, 2015. (ECF No. 44, Ex. 14 at 57).

[6] By contrast, the CSA provided that if Martz did not obtain the approvals by January 1, 2008, "this Agreement shall thereupon terminate, and neither party shall have any obligation to the other hereunder." (ECF No. 44, Ex. 1 ¶ 3). There is no similar provision terminating the agreement if the defendants failed to sell or build by January 1, 2015.

January 1, 2015, has come and passed. Martz is owed appropriate compensation, which remains to be determined. A separate Order follows.


Date: ___April 25, 2018_____          _____/s/_____
                                           Catherine C. Blake
                                           United States District Judge